UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HANNAH FREDRICKSON, ASHLEY KRENING, and MAURIALEE BRACKE, | |
| Plaintiffs, | No. 03:13-cv-00029-HU |
| vs. | |
| STARBUCKS CORPORATION, a Washington corporation, | **FINDINGS & RECOMMENDATION ON BILL OF COSTS** |
| Defendant. | |

Jon M. Egan
Jon M. Egan, P.C.
240 Sixth Street
Lake Oswego, OR 97034-2931

    Attorney for Plaintiffs

Carol J. Bernick
Derek D. Green
Christopher F. McCracken
Davis Wright Tremaine LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610

Daniel L. Nash
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036

Gregory W. Knopp
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067

    Attorneys for Defendant

1 - FINDINGS & RECOMMENDATION

HUBEL, United States Magistrate Judge:

    This matter is before the court on the defendant Starbucks Corporation's Bill of Costs. Starbucks initially sought $259.15 for a transcript of the dispositive motion hearing; $350.00 for the removal filing fee; $300.00 for three *pro hac vice* filings; and $20.00 representing "Docket fee on final hearing." Dkt. #61, p. 2.

    The plaintiffs objected to everything but the $350.00 removal filing fee. Dkt. #65. The filing fee is properly taxed as a cost under 28 U.S.C. § 1920(1), and Starbucks should be awarded $350.00 for the removal filing fee.

    Regarding the hearing transcript, the plaintiffs argue the transcript "was not reasonably necessary for proper presentation of this case." Dkt. #65, p. 1. Starbucks argues the transcript was necessarily obtained in connection with the preparation of its response to the plaintiffs' objections to my Findings and Recommendations in the case. Dkt. #69. The court disagrees. The plaintiffs did not cite the hearing transcript in their objections. Starbucks cited the hearing transcript in only one instance in its response, in a footnote, noting the undersigned declined to reach certain of the parties' arguments in light of my recommendation that the case be dismissed. *See* Dkt. #49, ECF p. 15, n.4. Starbucks made identical observations in the body of its brief without citing the transcript at all. *Id.*, ECF pp. 24-29. The court finds the hearing transcript was not necessary for Starbucks to prepare its response to the plaintiffs' objections, and was not "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

    Starbucks has withdrawn its request for *pro hac vice* fees, in light of the Ninth Circuit's December 2013 decision in *Kalitta Air*

2 - FINDINGS & RECOMMENDATION

*LLC v. Central Texas Airborne System, Inc.*, 741 F.3d 955, 957-58 (9th Cir. 2013), in which the court held *pro hac vice* fees are not taxable as costs. Starbucks also has withdrawn its request for "the docket fee on final hearing." Dkt. #69, p. 2.

In conclusion, the undersigned recommends Starbucks be awarded costs in the total sum of $350.00, representing the removal filing fee in this matter.

### *SCHEDULING ORDER*

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **August 25, 2014**. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then any response is due by **September 11, 2014**. By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this 7th day of August, 2014.

*[signature]*
Dennis James Hubel
Unites States Magistrate Judge

3 - FINDINGS & RECOMMENDATION