UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

HANNAH FREDRICKSON, ASHLEY KRENING, and MAURIALEE BRACKE,

       Plaintiffs,

vs.

STARBUCKS CORPORATION, a Washington corporation,

       Defendant.

No. 03:13-cv-00029-HU

**FINDINGS & RECOMMENDATION ON MOTION FOR ATTORNEYS' FEES**

Jon M. Egan
Jon M. Egan, P.C.
240 Sixth Street
Lake Oswego, OR 97034-2931

    Attorney for Plaintiffs

Carol J. Bernick
Derek D. Green
Christopher F. McCracken
Davis Wright Tremaine LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610

Daniel L. Nash
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036

Gregory W. Knopp
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067

    Attorneys for Defendant

1 - FINDINGS & RECOMMENDATION

HUBEL, United States Magistrate Judge:

This matter is before the court on the defendant Starbucks Corporation's motion for attorneys' fees (Dkt. #57). The plaintiffs in this case originally filed suit in Multnomah County District Court. They sued on behalf of all Starbucks employees in Oregon, seeking to recover under various legal theories for Starbucks's withholding of payroll taxes on "estimated tips" of 50 cents per hour for each employee. After removal to this court, Starbucks filed a comprehensive motion to dismiss, and the plaintiffs filed a motion to remand the case to state court. In detailed findings and recommendations, I recommended Starbucks's motion to dismiss be granted, and the plaintiffs' motion to remand be denied, on the basis that all of the plaintiffs' claims were precluded as a matter of law. Dkt. #46. Judge Malcolm Marsh agreed with my analysis, and also found additional bases for this court's jurisdiction. Dkt. #51. The case was dismissed on October 29, 2013. *Id.* The plaintiffs' appeal is pending in the Ninth Circuit Court of Appeals.

Starbucks has filed a motion for "a portion of" its attorneys' fees, in the amount of "$125,000, a fraction of the amount it expended in defending this case." Dkt. #58, p.2. The parties agree Starbucks's motion is governed by ORS § 20.075. *See Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011) ("State laws awarding attorneys' fees are generally considered to be substantive laws under the *Erie* doctrine and apply to actions pending in federal district court when the fee award is connected to the substance of the case.") (internal quotation marks, citation omitted). The statute sets out a number of factors the court must consider in

2 - FINDINGS & RECOMMENDATION

determining whether to award attorneys' fees, and in determining the amount of such fees if they are to be awarded. *See* ORS § 20.075(1) & (2). In addition, the statute mandates that any award of attorneys' fees be "reasonable." ORS § 20.075(4). The court first will address whether an award of attorneys' fees is warranted, considering each of the relevant factors* enumerated in ORS § 20.075(1).

**ORS § 20.075(1)(a):**

> The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

**ORS § 20.075(1)(b):**

> The objective reasonableness of the claims and defenses asserted by the parties.

Starbucks lumps these two factors together, arguing both of the factors weigh against the plaintiffs because they "acted unreasonably in bringing their claims." Dkt. #58, p. 4. Starbucks argues the plaintiffs and their attorney were aware, prior to filing suit, that their claims constituted tax refund claims and were preempted by federal law. *Id.*

As the plaintiffs correctly point out, the first factor, in subsection (1)(a), does not address the parties' conduct *in the litigation*; rather, it addresses the parties' conduct that gave rise to the litigation. In this case, the conduct giving rise to

---

*ORS § 20.075(1)(g), requiring the court to consider any amount "awarded as a prevailing party fee under ORS 20.190," is not relevant to this action. ORS § 20.190(6)(a) precludes a prevailing party fee in class action cases.

3 - FINDINGS & RECOMMENDATION

the litigation was Starbucks's decision to begin estimating tips of 50 cents per hour for each employee. There is no evidence that the plaintiffs, or Starbucks, acted recklessly, willfully, maliciously, in bad faith, or illegally, "in the transactions or occurrences giving rise to the litigation." The court finds the first factor does not favor either party on the issue of attorneys' fees.

With regard to the second factor, the reasonableness of the parties' respective claims and defenses, the plaintiffs argue the court should exercise its discretion and not award Starbucks *any* fees because the plaintiffs' claims, though unsuccessful, were based on a reasonable legal interpretation, and the plaintiffs did not act unreasonably in bringing their claims.

As noted above, Starbucks disagrees. According to Starbucks, it provided the plaintiffs with most of the law it cited in its motion papers, which ultimately led the court to conclude all of the plaintiffs' claims were preempted by federal law. The plaintiffs argue this is irrelevant, claiming defense attorneys nearly always try to convince plaintiffs' attorneys that their clients' claims are groundless and no suit should be filed.

The court agrees with the plaintiffs on this point. Despite Starbucks's insistence that the plaintiffs' claims were preempted by federal law, the plaintiffs were entitled to pursue their interpretation of the law, or to argue for a change in the law. "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 22, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648 (1978).

4 - FINDINGS & RECOMMENDATION

Further, the mere fact that the plaintiffs did not prevail does not mean their claims were unreasonable or without foundation. *See Christiansburg*, 434 U.S. at 421-22, 98 S. Ct. at 700 (same); *E.E.O.C. v. Bruno's Restaurant*, 13 F.3d 285, 287 (9th Cir. 1993) (citing *Christiansburg*). The court finds the plaintiffs' claims and Starbucks's defenses were objectively reasonable, and the second factor does not favor either party on the issue of attorneys' fees.

**ORS § 20.075(a)(c):**

> The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

**ORS § 20.075(a)(d):**

> The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

The plaintiffs argue deterrence of good-faith claims is the most important factor for the court's consideration. They rely heavily on my analysis in *Gardner v. Martin*, 2006 WL 2711777 (D. Or. Sept. 19, 2006) (Brown, J, adopting my Findings and Recommendation on a motion for attorneys' fees). The plaintiffs in *Gardner* owned a small family business in Boring, Oregon. They sold a customer a jet ski that proved to be defective and incapable of repair. The customer was dissatisfied, and contacted the host of a syndicated radio show who sought to help consumers with various problems. The show host made some disparaging comments about the plaintiffs' business, and the plaintiffs brought a tort action against the radio show host, and two national media outlets that distributed the show. Adopting my recommendation, Judge Brown

5 - FINDINGS & RECOMMENDATION

struck the plaintiffs' claims under Oregon's "anti-SLAPP" statute, ORS § 31.150.

The defendants moved for attorneys' fees in the amount of $149,517. I analyzed the relevant statutory factors, and recommended an award of fees to the defendants in the total amount of $27,500. Among other things, I found that awarding fees in the amount requested by the defendants "could result in encouraging tortious behavior by those with far greater financial resources." I further noted:

> The court must evaluate the relative balance between deterring meritless claims on the one hand and preserving the right to pursue meritorious claims on the other. While a fee award of some amount may be warranted in a particular case, one that goes too far will invariably deter not only claims without merit, but claims with merit as well, simply because the risk that some court, somewhere, might disagree with the claimant and conclude that the claim lacks merit, is too great given that the plaintiff could be subject to complete financial ruin as a result of filing the claim.

*Gardner*, 2006 WL 2711777, at *5; *see id.* (noting that in *Card v. Pipes*, 2004 WL 1403007 (D. Or. June 22, 2004), Judge Hogan reduced a $58,712.90 fee request for 268.6 hours of work on an anti-SLAPP motion, finding $5,000 was a reasonable fee).

The plaintiffs also argue that if workers are punished "for bringing unsuccessful but nonfrivolous cases," the purposes of Oregon's wage-and-hour statutes will be thwarted. The plaintiffs note that in cases between an individual and an agency, where the individual successfully proves the agency erroneously interpreted a statute, the Oregon Supreme Court has denied motions for attorneys' fees. *See, e.g. Swarens v. Dep. of Revenue*, 320 Or.

6 - FINDINGS & RECOMMENDATION

669, 674, 890 P.2d 1374, 1377 (1995); *accord Clackamas County Assessor v. Village at Main Street Phase II, LLC*, 352 Or. 144, 282 P.3d 814 (2012). By implication, at least, the plaintiffs here appear to argue that if an individual cannot recover attorneys' fees from an agency that makes an erroneous, but reasonable, interpretation of a statute, then a defendant similarly should not be awarded attorneys' fees when a plaintiff makes an erroneous, but reasonable, interpretation of the law.

The plaintiffs further argue that awarding Starbucks fees will not deter meritless claims, which already are deterred to some extent in wage-and-hour actions due to "the inherent power imbalance in the employee/employer relationship." Dkt. #64, ECF pp. 5-6. According to the plaintiffs, this power disparity is what prompted the Oregon Legislature to enact the fee-shifting statute (ORS § 653.055) in the first place.

As expected, Starbucks has an opposing view. Starbucks claims that awarding it attorneys' fees will not deter others from asserting good faith claims in similar cases "because an employee's proper recourse in these circumstances is to file an administrative claim with the Internal Revenue Service - not to sue his or her employer. . . . Awarding attorney's fees, therefore, will simply encourage employees to file their claims in the proper forum." Dkt. #68, ECF pp. 5-6. Starbucks also argues that awarding it attorneys' fees would deter other "potential plaintiffs from haling their employers into court over tax withholdings[.]" *Id.*, ECF p. 6. Among other cases, Starbucks cites *Thomas v. U.S. Bank, N.A.*, 2008 WL 974734 (D. Or. Apr. 8, 2008) (Mosman, J), in support

7 - FINDINGS & RECOMMENDATION

of its argument that awarding attorneys' fees would have a deterrent effect on similar claims in the future.

In *Thomas*, the plaintiff sued the defendant bank for alleged violations of Oregon's Unlawful Debt Collection Practices Act ("UDCPA"), and Oregon's Unlawful Trade Practices Act, both of which "provide that the court *may* award reasonable attorney fees to the prevailing party." *Thomas*, 2008 WL 974734, at *1 (emphasis in original). The bank sought attorneys' fees of $159,455 for work performed "from the beginning of the case, in October 2005, through briefing on the parties' respective motions for summary judgment, in November 2006, because the [plaintiffs'] state law claims were primarily dismissed at summary judgment. *Id.* Judge Mosman found that awarding attorneys' fees to the bank would neither deter future good-faith claims with legal merit, nor "encourage the practice of illegal debt collection. . . ." *Id.*, at *2. He further found "an award of attorney fees . . . would discourage others from asserting meritless claims. . . ." *Id.*

*Thomas* is distinguishable from the present case for two reasons. First, in contrast to Judge Mosman's finding that the plaintiffs' claims in *Thomas* were objectively unreasonable, the court in this case has found the plaintiffs' claims were not objectively unreasonable. Second, Judge Mosman also found two other factors listed in the statute supported an award of attorney's fees. Regarding "[t]he objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings," **ORS § 20.075(1)(e)**, Judge Mosman emphasized that all but one of the plaintiffs' claims "were dismissed at summary judgment, and the remaining UDCPA claim had a stated value of only

8 - FINDINGS & RECOMMENDATION

$19.75. Ultimately, this claim was dismissed shortly before trial because of its *de minimus* value. The [plaintiffs'] willingness to proceed to trial on this claim indicates a lack of objective reasonableness." *Thomas*, 2008 WL 974734, at *3.

Similarly, regarding "[t]he objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute," **ORS § 20.075(1)(f)**, Judge Mosman held it was unreasonable for the plaintiffs to refuse a $30,000 settlement offer made by U.S. Bank. *Id.*

The facts of the present case differ significantly from those in *Thomas*. Here, had the plaintiffs prevailed, their claim would not have been *de minimis*, and they could reasonably argue for change in the law by pursuing their claim. In addition, the record in the present case does not contain evidence that the plaintiffs refused any reasonable settlement offer (or any settlement offer at all) made by Starbucks.

The court finds that neither of the factors in subsections (e) and (f) supports an award of attorneys' fees to Starbucks. Further, the court finds that awarding fees to Starbucks could, in fact, deter future meritorious claims. The court has found the plaintiffs' claims in this case were objectively reasonable, and not asserted in bad faith. If an individual employee were ordered to pay attorneys' fees that would result in the employees' financial ruin, it is reasonable to conclude that employees seldom would dare to challenge an employer's actions in court. Starbucks argues the employee would be encouraged to pursue similar claims through the administrative process, but that argument fails when the employee (or the employee's attorney) holds a good faith,

9 - FINDINGS & RECOMMENDATION

reasonable belief that no administrative process would provide an adequate remedy for the perceived wrong.

**ORS § 20.075(1)(h):**

> Such other factors as the court may consider appropriate under the circumstances of the case.

The plaintiffs here, like the plaintiffs in *Thomas*, urge the court to consider the parties' relative financial positions as an "other factor" under subsection (h). The plaintiffs note they were Starbucks baristas making minimum wage, and they claim an award of even 10% of the fees Starbucks is seeking would bankrupt them. Dkt. #64, p. 11. In *Thomas*, the plaintiffs urged the court "to consider the fact that they [were] semi-retired senior citizens with a modest income as another factor that [was] appropriate under the circumstances of th[e] case." *Id.* Judge Mosman agreed the parties' relative financial positions was, indeed, a relevant factor, but not a strong enough one "to outweigh all of the other factors in favor of awarding attorney fees to U.S. Bank." *Id.* Nevertheless, he took the parties' relative financial positions into account in determining the amount of fees to award. *Id.*

As I noted in *Gardner*, a fee award that goes too far likely would have a chilling effect on meritorious claims if a plaintiff could be subject to complete financial ruin as a result of filing the claim. The court must strike some balance between all of the competing interests, not only in determining the *amount* of attorneys' fees to award, but in determining, in the first instance, whether fees should be awarded at all. Here, the court finds that none of the factors enumerated in the statute supports an award of attorneys' fees to Starbucks. On the other hand, both the

10 - FINDINGS & RECOMMENDATION

deterrence of meritorious claims, and the protection of an individual's access to the courts by preventing his/her financial ruin if the claims are unsuccessful, weigh heavily against awarding fees. Such a decision is not without precedent in this court.

In *Bobadilla-German v. Bear Creek Orchards, Inc.*, 2010 WL 1815796 (D. Or. May 5, 2010) (Panner, J), the court denied fees to a prevailing defendant employer. The plaintiffs were agricultural workers who sued the defendant both individually and on a class basis for several alleged violations of the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. § 1801 *et seq.* One of the plaintiffs' class claims alleged violations of Oregon's minimum wage laws. The court found the claim "was novel as Oregon courts had yet to rule on a similar claim. Although the court ended up agreeing with defendant's interpretation of the statute, plaintiffs' minimum wage claim was an objectively reasonable claim brought in good faith." *Id.*, at *2. The court denied the defendant's motion for attorney's fees relating to this claim, holding "that an award of attorney fees to defendant here would have a chilling effect on good faith claims in similar cases. . . . To award defendant attorney fees here would certainly deter future good faith minimum wage claims as only plaintiffs with the most airtight cases would assert their rights under [Oregon's minimum wage laws]." *Id.* In the present case, the court finds awarding Starbucks attorneys' fees would have a similar "chilling effect on good faith claims."

In conclusion, after considering all of the relevant factors in ORS § 20.075(1), the undersigned recommends Starbucks's motion for attorneys fees be **denied**. As a result, the court does not need

11 - FINDINGS & RECOMMENDATION

to address the factors in subsection (2) of the statute, which are relevant to the *amount* of fees to be awarded when the court decides a fee award is warranted.

### SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **August 25, 2014**. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then any response is due by **September 11, 2014**. By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this  day of August, 2014.

Dennis James Hubel
Unites States Magistrate Judge

12 - FINDINGS & RECOMMENDATION